1  UNITED STATES DISTRICT COURT

2  DISTRICT OF NEVADA

3 VORNELIUS J. PHILLIPS,           Case No.: 2:17-cv-2545-APG-PAL

4             Plaintiff,            **Screening Order**

5 v.                                [ECF No. 1]

6 ADAM PAUL LAXALT,

7             Defendant.

Plaintiff Vornelius Phillips is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"). He has filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. ECF Nos. 1, 1-1. I grant the application to proceed in forma pauperis and screen the complaint under 28 U.S.C. § 1915A.

## I. IN FORMA PAUPERIS APPLICATION

Based on the information regarding Phillips's financial status, he is not able to make an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. He will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

## II. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica*

*Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a court to dismiss a prisoner's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S.

5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.,* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.    SCREENING OF COMPLAINT**

Phillips sues defendant Adam Paul Laxalt for events that occurred while Phillips was living in Las Vegas, Nevada. ECF No. 1-1 at 1-2. He alleges two counts (Eighth and Fourteenth Amendment violations) and seeks monetary and injunctive relief. *Id.* at 4-5, 9.

3

The complaint alleges the following: Phillips is a special needs citizen who suffers from "all kinds of mental issue[s]" and was sentenced to life without the possibility of parole. *Id.* at 3. Doctors at Lake's Crossing mental facility found him "competent" to stand trial even though he was not present when the doctors made this finding. *Id.* Phillips has well-documented mental health issues and should not have been found competent to stand trial. *Id.* at 4. Phillips can provide proof of other evaluations throughout his life which show that he is not responsible for his actions and that the State of Nevada should not have sentenced him to life without parole. *Id.* at 3. Phillips has been incarcerated for over 17 years. *Id.*

Laxalt supervises the state attorneys who ignored Phillips's underlying mental health issues. *Id.* While at Lake's Crossing, Phillips ran out of the room before his competency evaluation could start, yet doctors found him competent to stand trial. *Id.* at 5.

Phillips cannot bring his claims under § 1983. The Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *see Nettles v. Grounds*, 830 F.3d 922, 927(9th Cir. 2016) (reiterating that the Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"). In *Wilkinson*, the Supreme Court held that "a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Id.* at 81-82.

Phillips is clearly attempting to invalidate his conviction and confinement by arguing that he was not competent to stand trial. This claim falls within the core of habeas and may not be brought in a § 1983 action at this time. Accordingly, I dismiss this action without prejudice but without leave to amend in this case. Phillips may file a habeas corpus petition in a new case.

**IV.      CONCLUSION**

IT IS HEREBY ORDERED that that the plaintiff's application to *proceed in forma pauperis* (**ECF No. 1**) **is GRANTED**. Phillips shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due under 28 U.S.C. § 1915 as amended by the Prisoner Litigation Reform Act. This order granting *in forma pauperis* status shall not extend to the issuance and/or service of subpoenas at government expense.

IT IS FURTHER ORDERED that the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Vornelius J. Phillips, #81136** (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702**.

IT IS FURTHER ORDERED that, even though this action is being dismissed, the full filing fee shall still be due, as required under 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

IT IS FURTHER ORDERED that the Clerk of the Court file the complaint (ECF No. 1-1) and send the plaintiff a courtesy copy of the complaint.

IT IS FURTHER ORDERED that the complaint is dismissed in its entirety, without prejudice, but without leave to amend, for failure to state a claim.

1     IT IS FURTHER ORDERED that the Clerk of the Court shall send the plaintiff two copies of an *in forma pauperis* application form for a prisoner, one copy of the instructions for the same, two copies of a blank 28 U.S.C. § 2254 habeas corpus form, and one copy of instructions for the same.

    IT IS FURTHER ORDERED that the plaintiff may file a habeas corpus petition and an *in forma pauperis* application in a new action, but he may not file any further documents in this action.

    IT IS FURTHER ORDERED that any *in forma pauperis* appeal from this order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

    IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

    Dated: September 24, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE